# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC and LYNN TILTON,

                              Plaintiffs,

           -against-

GLENOIT UNIVERSAL, LTD., EX-CELL HOME
FASHIONS, INC. and GLENOIT LLC,

                              Defendants.
------------------------------------------------------------x

Index No. _____

**SUMMONS**

To the above-named defendants:

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

      The basis of venue is the residence of Plaintiff Patriarch Partners Management Group, LLC, which is 1 Liberty Street, New York, New York 10006, a forum selection clause, and because a substantial part of the events or omissions giving rise to this action occurred in New York County, pursuant to CPLR 501 and 503 (a), (d).

Dated: July 6, 2020
New York, New York

        ALLEGAERT BERGER & VOGEL LLP

By:    /s/ David A. Berger
      David A. Berger
      John S. Craig
      Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs Patriarch Partners Management Group, LLC and Lynn Tilton*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT :
GROUP, LLC and LYNN TILTON, :
:
:
Plaintiffs, :
:
-against- :
: Index No. _____
:
GLENOIT UNIVERSAL, LTD., EX-CELL HOME :
FASHIONS, INC. and GLENOIT LLC, : **COMPLAINT**
:
:
:
Defendants. :
:
:
:
------------------------------------------------------------x

        Plaintiffs Patriarch Partners Management Group, LLC ("PPMG") and Lynn Tilton ("Ms. Tilton," and together with PPMG, "Plaintiffs"), by and through their undersigned attorneys, Allegaert Berger & Vogel LLP, as and for their Complaint against Defendants Glenoit Universal Ltd. ("Glenoit Universal"), Ex-Cell Home Fashions, Inc., and Glenoit LLC (together with Glenoit Universal, "Defendants"), state upon knowledge with respect to their own acts and status, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

    1.    This is a straightforward action arising from (a) Defendants' failure to pay PPMG for amounts due and owing under a Management Services Agreement dated May 26, 2011, as amended (the "MSA") for management and operational consulting and other services (and associated expenses) duly provided to Defendants; and (b) Glenoit Universal's failure to indemnify Ms. Tilton, in her capacity as Director of Glenoit Universal for certain unreimbursed

legal fees and costs incurred by her in defending the action styled *Zohar II 2005-1, Ltd., et al. v. FSAR Holdings, Inc., et al.*, No. 12946-VCS, brought against FSAR Holdings, Inc. ("FSAR"), Glenoit Universal, Ms. Tilton, and UI Acquisition Holding Co. ("UI"), in the Chancery Court of the State of Delaware (the "Delaware Action"), as required under Amended and Restated Bylaws of Glenoit Universal, Ltd. (the "Bylaws").  Plaintiffs have made due demand of Defendants for the amounts outstanding to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

## THE PARTIES

2.  PPMG is a Delaware limited liability company with its principal place of business in New York, New York.

3.  Ms. Tilton is Manager of PPMG.  She has also been a Director of Glenoit Universal at all relevant times herein.

4.  Defendant Glenoit Universal, Ltd. is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

5.  Defendant Ex-cell Home Fashions, Inc. is a corporation organized and existing under the laws of New York with its principal place of business in New York, New York.

6.  Defendant Glenoit LLC is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

## PERSONAL JURISDICTION AND VENUE

7.  This Court has personal jurisdiction over Defendants because (i) pursuant to Paragraph 10 of the MSA, Defendants have irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to the MSA, and have waived any defense of an inconvenient forum to

2

the maintenance of any such action; and (ii) certain Defendants, including Glenoit Universal, transact business within the State of New York.

8. Venue is proper in New York County, pursuant to CPLR § 501, pursuant to Section 10 of the MSA, and pursuant to CPLR § 503(a), in that PPMG's principal place of business is in New York County, Ms. Tilton has a principal place of business in New York, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

**The Defendants' Breach of the MSA**

9. Pursuant to the MSA, Defendants engaged PPMG to provide certain management, operational, consulting and other services (the "Services") to it, as specified in the MSA. PPMG duly provided the Services to Defendants set forth in the MSA for more than nine years, commencing no later than May 2011.

10. PPMG regularly submitted invoices for the Services it provided to Defendants, as well as for reasonable expenses incurred in connection therewith, which Defendants are jointly and severally obligated to pay under Section 3 of the MSA. Defendants have never rejected, returned, or objected to any of the invoices, and, following due demand, have failed to pay at least four invoices (the "Invoices"). The total amount of these four unpaid Invoices is $80,000. However, fees and expenses for Services will continue to be earned by PPMG such that additional amounts will become due and owing by Defendants to PPMG, as to which PPMG reserves all rights and remedies.

11. A summary of the outstanding Invoices is as follows:

3

| Invoice No. | Date Issued | Amount Due |
| --- | --- | --- |
| 1708-768 | December 1, 2019 | $20,000 |
| 1708-789 | January 1, 2020 | $20,000 |
| 1708-810 | February 1, 2020 | $20,000 |
| 1708-830 | March 1, 2020 | $20,000 |

12.     Defendants are also jointly and severally obligated to indemnify Plaintiffs for all costs, disbursements, and fees (including attorney's fees) in connection with this action under the MSA, because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the MSA or in connection with Services provided thereunder.

**Defendant Glenoit Universal Has Breached Its Indemnification Obligations**

13.     Ms. Tilton, Manager of PPMG, also is a Director of Glenoit Universal. As such, pursuant to the Bylaws, Ms. Tilton is entitled to indemnification for the legal fees and costs incurred by her in connection with defending the Delaware Action.

14.     On or about November 30, 2016, the Delaware Action was commenced against Glenoit Universal, Ms. Tilton, FSAR, and UI. Ms. Tilton, as Director of Glenoit Universal (and the sole Director of FSAR and UI), incurred fees and costs associated with the defense of the Delaware Action totaling millions of dollars. Pursuant to Article 8 of the Bylaws, Ms. Tilton is entitled to indemnification by Glenoit Universal for all such legal fees and costs incurred by her in connection with the Delaware Action. To date, there remain fees and costs due and owing to Ms. Tilton from Glenoit Universal in the amount of $2,207,664.

4

15. Glenoit Universal is also obligated to indemnify Plaintiffs for all costs, disbursements, and fees (including attorney's fees) in connection with this action pursuant to the indemnification provided to Ms. Tilton under the Bylaws.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract on Behalf of PPMG)**

16. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

17. Under the terms of the MSA, Defendants are jointly and severally obligated to pay PPMG fees for, and to reimburse PPMG for reasonable expenses incurred in connection with, the Services.

18. PPMG duly provided the Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the MSA, and is thereby entitled to payment for the Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the MSA.

19. Defendants have failed to pay for the Services rendered and reasonable expenses incurred therewith in an amount of at least $80,000, in material breach of the MSA.

20. As a direct and proximate result of Defendants' material breach of the MSA, PPMG has suffered, and continues to suffer, injury, including damages of at least $80,000, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Account Stated on Behalf of PPMG)**

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

22. PPMG provided the Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the Invoices regularly submitted to Defendants.

23. Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

24. As reflected in the Invoices as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to PPMG thereunder is $80,000, in addition to such other costs and damages to which it is entitled.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit on Behalf of PPMG)

25. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

26. Defendants were enriched by the Services provided by PPMG, and by PPMG's payment of reasonable expenses incurred in connection therewith, to PPMG's detriment, as Defendants have failed to pay therefor.

27. The circumstances thus make it inequitable for Defendants to retain the benefit of the Services provided (and reasonable expenses incurred by PPMG in connection therewith) without paying PPMG value in return.

28. The fair value of the benefit of the Services and expenses incurred by PPMG for the benefit of Defendants is at least $80,000, which amount is now due and owing to PPMG in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract on Behalf of Ms. Tilton)

29. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

6

30. Under Article 8 of the Bylaws, Defendant Glenoit Universal was obligated to indemnify Ms. Tilton, as Director, for her legal fees and costs in the Delaware Action.

31. Ms. Tilton's incurred millions of dollars in fees and costs in the Delaware Action which were allocated equally among Glenoit Universal, FSAR and UI.  The amount due and owing from Glenoit Universal to Ms. Tilton in respect of the fees and costs for which it is obligated to indemnify and reimburse Ms. Tilton is $2,207,664.

32. Glenoit Universal has failed to indemnify Ms. Tilton for such fees and costs, in material breach of the agreement.

33. As a direct and proximate result of Glenoit Universal's material breach of the Bylaws,  Ms. Tilton has suffered, and continues to suffer, injury, including damages of at least $2,207,664, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (Account Stated on Behalf of Ms. Tilton)

34. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

35. Ms. Tilton duly presented to Glenoit Universal a statement of account in the form of an invoice with respect to the legal fees and costs incurred by her in connection with the Delaware Action for which Glenoit Universal is obligated to indemnify her in the amount of $2,207,664.

36. Glenoit Universal received and retained such statement of account submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

37. As reflected in the statement of account as to which Glenoit Universal never disputed, rejected returned or objected to, the amount due and owing to Ms. Tilton thereunder is $2,207,664, in addition to such other costs and damages to which it is entitled.

7

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of each of them on their respective causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of suit, including reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 6, 2020

ALLEGAERT BERGER & VOGEL LLP

By: _____/s/ David A. Berger_____
David A. Berger
John S. Craig
Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiffs*
*Patriarch Partners Management Group, LLC and Lynn Tilton*

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC, AND LYNN TILTON,

        Plaintiffs,   Index No. 652925/2020

   -against-       **AFFIDAVIT OF SERVICE**

GLENOIT UNIVERSAL, LTD., EX-CELL
HOME FASHIONS, INC., and GLENOIT LLC,

        Defendants.
-----------------------------------------------------------------x

STATE OF NEW YORK )
        ) ss.:
COUNTY OF NEW YORK)

   COLLINS V. BURGESS-JACKMAN, being duly sworn, deposes and says:

   I am over the age of eighteen (18) years and not a party to this action. I reside at 112-18 204th Street, Saint Albans, New York 11412. On July 17, 2020, I served by hand true and correct copies of the (1) Summons and Complaint, and (2) Notice of Electronic Filing by leaving said documents with Gina, a fair-skinned Hispanic female between 30 and 35 years old, approximately 5ft. 5 inches tall, weighing between 130 and 150 pounds, employed as an Intake Specialist at the Messenger Center and authorized to accept service on behalf of CT Corporation System, the registered agent for Glenoit LLC and Ex-Cell Home Fashions, Inc., at the following:

1. Glenoit LLC
c/o CT Corporation System - Registered Agent
28 Liberty St.
New York, NY 10005

2. Ex-Cell Home Fashions, Inc.
c/o CT Corporation System – Registered Agent
28 Liberty St.
New York, NY 10005

                      Collins V. Burgess-Jackman

Sworn to before me this
22nd day of July 2020

_____
Notary Public

DAVID SHAIMAN
Notary Public - State of New York
No. 02SH6279331
Qualified In Kings County
My Commission Expires April 8, 2021

1 of 1